[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT WAYNE TALAMELLI'S MOTION FOR SUMMARY JUDGMENT (#127)
Prior to June 29, 1990, the plaintiff, Elaine McCormick, was employed as an administrative assistant in the office of the Registrar of Voters in the Town of West Haven. The plaintiff, a registered Democrat, was hired by the defendant, Emmett McDonough, the Democratic Registrar of Voters. The plaintiff is also referred to as having held the position of Assistant Registrar of Voters.
On June 29, 1990, the plaintiff was terminated from her position as Assistant Registrar of Voters (or administrative assistant). She has brought this action against the City and a number of individuals alleging that her termination was for political reasons and thus was in violation of rights secured to her under the state and federal constitutions.
The defendant, Wayne Talamelli, Democratic Town Chairman, has filed a motion for summary judgment on the basis that there is no issue of material fact and that he is entitled to judgment as a matter of law. Essentially, the defendant claims that the position which had been held by the plaintiff is a policymaking one and her discharge cannot therefore give rise to a cause of action, even if politically motivated.
Generally, the dismissal of a public employee for political purposes or for purposes of political patronage infringes onFirst Amendment rights. Elrod v. Burns, 427 U.S. 347, 360,96 S.Ct. 2673, 2683, 49 L.Ed.2d 547 (1976). The court recognized an exception, however, for positions necessary for the implementation of electorate-sanctioned policies, and thus held that theFirst Amendment would not be offended as long as patronage dismissals were restricted to policymaking positions. Id. at 372, 96 S.Ct. at 2689.
The court further defined when political affiliation would be an appropriate requirement for employment purposes in Branti v. Finkel, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The test becomes whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the CT Page 5559 effective performance of the public office involved. Id. There must be a rational connection between shared ideology and job performance in order for political affiliation to be an appropriate requirement. Savage v. Gorski, 850 F.2d 64, 68 (2d Cir. 1988).
In support of his position, the defendant relies on Regan v. Boogertman, 984 F.2d 577 (2d Cir. 1993), which dealt with the position of deputy tax receiver. In Regan the court held that there must be an independent factual analysis of each case to determine if it falls into the political dismissal exception and whether the position comes under civil service protection is one factor but not determinative in and of itself. Other factors to be considered include whether the position is given policymaking and independent decision-making functions by law, technical competence, power to control others, authority to speak in the name of policymakers, public perception, influence on programs, contact with elected officials and responsiveness to partisan politics and political leaders. Id. at 580.
In Regan the court found that the plaintiff "was responsible for interviewing and recommending individuals for seasonal jobs, and deciding which employees should be laid off when the work load decreased . . . met and coordinated office activities with other Town and County officials, agencies and departments including Town Supervisor, County Treasurer and Town Comptroller; attended Town Board Meetings without Boogertman in which the Receiver of Taxes' annual budget was adopted; and was an authorized signatory for checks to any of the checking accounts of the banks in the office." Those factors, along with those conferred by law, made the Deputy Tax Receiver's position, in the eyes of the court, one for which political loyalty was essential. Id. at 581.
The defendant has provided no record from which the court could conclude that the plaintiff's position as Assistant Registrar of Voters would include such duties and responsibilities so as to make her a "policymaker" or make her position one for which political loyalty was essential.
The defendant also cites language form Regan for the proposition that the court must consider whether a position is one in which an assistant may act for an elected official. While that consideration may, of course, be relevant, the court must also examine whether in so acting, the assistant or deputy would be acting in a policymaking capacity. CT Page 5560
In Zold v. Township of Mantua, 935 F.2d 633 (3rd Cir. 1991), cited by the plaintiff, the court was called upon to decide whether a deputy municipal clerk could be discharged for political purposes. New Jersey law permitted the deputy clerk to act for and assume the powers of the clerk during the latter's absence or disability. One of the functions of the clerk was to act as "election official." As an election official, the clerk would register voters, certify vacancies existing on the local level, maintain receipt of nominating petitions and certification to the county clerk of local candidates nominated by petition, exercise quasi-judicial authority in determining the validity of petitions, conduct the drawing for position of candidates on the local ballot, furnish material for local elections, select polling places, maintain receipt of election results, certify to the county clerk persons elected to partisan county committee offices in each election district, and canvass the votes for and certify election of candidates for local office at the primary, general, and municipal elections.
In Zold, the defendants did not even make the claim that the clerk's function as "election official" entailed the type of responsibility for which political affiliation is an appropriate consideration, and thus, even assuming the clerk's duties in these regards devolve upon the deputy clerk, nothing in those duties would have supported the defendant's contention in that regard. Id. at 637.
Likewise, in the case at hand, nothing in the record supports the defendant's claim that the position of Assistant Registrar would become one of policymaking should she be called upon to perform the duties of Registrar, thus making political affiliation a factor.
In order to prevail on a motion for summary judgment, the moving party must show through the pleadings, affidavits and other proof that there is no genuine issue as to any material fact and that such party is entitled to judgment as a matter of law. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). As noted above, in order for the defendant to prevail on the issue raised in his motion for summary judgment, he must demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved, i.e. there exists a rational connection between shared ideology and job performance. The defendant has not met this CT Page 5561 burden.
For the reasons set forth above, the motion for summary judgment is denied.
Bruce W. Thompson, Judge